JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02593-SSS-SPx | Date | December 5, 2025 |

Title   *CSHV Pacific Renaissance LLC v. Mayrock Incorporated et al.*

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 11]**

Before the Court is Plaintiff's Motion to Remand Case to San Bernardino State Court filed on October 29, 2025. [Dkt. No. 11, "Motion"]. Defendants submitted an Opposition on November 21, 2025, and Plaintiff filed his Reply on November 26, 2025. [Dkt. No. 12, "Opposition" or "Opp."; Dkt. No. 13, "Reply"]. The Court **GRANTS** the Motion.

I.   **FACTUAL AND LEGAL BACKGROUND**

This case arises from an alleged breach of contract relating to a Standard Industrial/Commercial Single-Tenant Lease-Net ("the Lease") between Plaintiff CSHV Pacific Renaissance LLC and Defendants Mayrock Incorporated ("Mayrock") and Plainview Management Corporation ("Plainview"). [*See generally* Dkt. No. 1-1, "Complaint"].

Plaintiff's predecessor-in-interest, CH Realty VIII/I Rialto Alder South L.P. ("CH Realty"), originally entered the Lease with Defendant Mayrock. [Complaint at 6]. The Lease granted Defendant possession of 2380 W. Baseline Road, Rialto,

California ("the Premises") for a term beginning on September 1, 2021. [*Id.*]. The Lease was set to expire on November 30, 2028. [*Id.*].

In April 2021, Defendant Plainview entered a Guaranty of Lease ("the Guaranty"), which provided that the Defendant would unconditionally and irrevocably guarantee CH Realty as a primary obligor of all obligations and liabilities of Tenant under the Lease's terms. [Complaint at 6–7]. CH Realty and Defendant Mayrock later entered the First Amendment to the Lease, which modified certain provisions of the lease but kept the Guaranty in full force and effect with respect to the lease. [*Id.*].

Later, Plaintiff obtained all of CH Realty's right, title, and interest in the Premises. [Complaint at 7]. In doing so, CH Realty assigned its interest as Landlord under the Lease to Plaintiff. [*Id.*].

On May 20, 2025, Plaintiff filed the underlying suit against Defendant in the San Bernardino County Superior Court, bringing breach of lease and breach of written guaranty agreement claims following Defendant's default in payment of rent. [*See generally* Complaint].

Defendant removed the suit to federal court on September 30, 2025, on the basis of diversity jurisdiction. [*See* Dkt. No. 1, "Notice of Removal"]. In the Notice of Removal, Defendant contends that complete diversity of citizenship exists, and that the amount in controversy exceeds the jurisdictional amount of $75,000. [Notice of Removal at 3–5].

Plaintiff filed this Motion on October 29, 2025, seeking to remand the case back to San Bernardino Superior Court for various reasons. [*See generally* Motion].

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show

by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

### III.    DISCUSSION

The Motion raises various grounds upon which remand is warranted: (1) Plaintiff's status as an arm-of-the-state requires remand; (2) lack of complete diversity between the parties; (3) the forum selection clause contained in the Lease requires litigation to be within the County of San Bernardino; and (4) the forum defendant rule precludes removal. [*See generally* Motion].

Because Plaintiff's argument regarding its status as an arm-of-the-state is dispositive, the Court discusses that issue in full and finds no need to address the remaining grounds for remand.

#### A.    Citizenship of Plaintiff

The Ninth Circuit has previously articulated that limited liability companies should be treated like partnerships when evaluating citizenship for purposes of diversity jurisdiction. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, a limited liability company "is a citizen of *every state* of which its owners/members are citizens." *Id.* (emphasis added).

Appling these principles, Plaintiff seeks to remand this action because there can be no diversity jurisdiction where a party is an "arm of the state". [Motion at 12].

It is undisputed that Plaintiff CSHV is a limited liability company organized under the laws of Delaware. [*See* Complaint; *see* Motion at 21; Notice of Removal

at 3]. The parties also agree that the sole member of the limited liability company that is CSHV is CSFV Core II, LLC ("CSFV"). [Motion at 12; Opp. at 12]. Like CSHV, CSFV is a Delaware limited liability company. [Opp. at 12]. CSFV is comprised of one sole member: California State Teachers' Retirement System (CalSTRS). [Motion at 12]. CalSTRS is a governmental entity of the State of California. [*Id.*].

However, the parties dispute whether Plaintiff should be considered a citizen of Delaware or as a stateless "arm of the state" due to CalSTRS status as a member of CSFV.

The Motion argues that because CSFV is also a limited liability company, and its sole member is CalSTRS, this renders CSHV "stateless" for purposes of citizenship. [Motion at 11–12]. In other words, Plaintiff argues that because CalSTRS is an "arm of the state," CSFV in turn does not have citizenship for purposes of diversity jurisdiction. [*Id.* at 11]. The Opposition disagrees with this characterization, arguing that Plaintiff is a citizen of Delaware and not a stateless entity. [Opp. at 11].

As a preliminary matter, it appears Defendants argue that CalSTRS citizenship in California does not matter for purposes of this jurisdictional analysis. Not so.

This Matryoshka doll[1]-esque exercise in which Plaintiff argues that CSHV is also a citizen of California, as tedious as it may be, is correct. Although the Ninth Circuit has not expressly adopted this method, the Seventh Circuit has required that courts "trac[e] through however many layers there may be" to ensure the citizenship of every partner or member is accounted for in its jurisdictional analysis. *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020). *See also Cornerstone Constr. Material, LLC v. FEC Future Contractors & Eng'rs, Inc.*, No. 2-23-CV-00955-ODW-AFMX, 2023 WL 3149247 at *1 (C.D. Cal. Feb. 13, 2023). Defendant is therefore incorrect in suggesting that the Court look no further than Delaware. [Opp. at 12].

---

[1] The Court references the Russian nesting doll as an illustration of the various layers at which Plaintiff seeks to evaluate citizenship.

The Court must now determine whether Plaintiff maintains its status as a citizen of California, or if it is stateless for purposes of diversity jurisdiction as an arm of the state.

### B. Arm-of-the-State

Whether Plaintiff is an arm of the state is dispositive, as states are immune from suit in federal court and therefore are not "citizens" for the purposes of diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973). Such immunity extends to state entities that are considered "arm[s] of the [s]tate." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). *See Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) (concluding "California counties and other subdivisions of the State are not 'citizens' for diversity purposes").

The Ninth Circuit has not yet addressed whether CalSTRS specifically is an arm of the state; however, this Court and another judicial district have previously found that CalSTRS should be considered an arm of the state. *See Shorter v. California*, No. 2:24-CV-02799-DOC-BFM, 2024 WL 4644841 (C.D. Cal. Sept. 23, 2024); *Glenn v. CalSTRS*, No. 16-CV-05512-SK, 2017 WL 5973513 (N.D. Cal. Feb. 21, 2017).

Courts employ a three-factor test to determine whether an entity is an arm of the state. *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1030 (9th Cir. 2023). These factors are: "(1) the [s]tate's intent as to the status of the entity, including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury." *Id.* (alterations in original) (quoting *P.R. Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868, 873 (D.C. Cir. 2008)).

Based on the California Education Code, the State of California appears to have intended CalSTRS to function as an arm of the state. The California Education Code established CalSTRS "to provide a financially sound plan for the retirement, with adequate retirement allowances, of teachers in the public schools of this state, teachers in schools supported by this state, and other persons employed in connection with the schools." Cal. Educ. Code § 22001. Such a purpose relates to central government functions. Moreover, CalSTRS is subject to government control given restrictions placed on the retirement fund in other portions of the California Government Code. *See* Cal. Gov. Code § 13340.

Finally, it appears that CalSTRS does not have such an independent status such that judgment against the entity would not impact the state treasury. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982). The lease recognizes that [Landlord's] equity interests "are . . . or may in the future be owned, directly or directly, by [CalSTRS]" which "is a unit of the California Government Operations Agency established pursuant to [California Education Code § 22000]." [Dkt. 1-1 at 36]. Pursuant to § 22000, CalSTRS members, employers, *and the state* each contribute to the financing of the plan. Cal. Ed. Code § 22002. Because the State of California contributes to the fund and regulates its fiscal obligations, the Court finds that a judgment would affect the State Treasury. Therefore, this factor weighs in favor of the conclusion that CalSTRS is an arm of the state.

On balance, these considerations weigh in favor of finding CalSTRS as an arm of the state. Because CalSTRS is an arm of the state, and thus stateless for purposes of § 1332(a)(3), the Court lacks subject-matter jurisdiction. The Court GRANTS Plaintiff's Motion to Remand.

## IV.   CONCLUSION

Because the Court lacks subject-matter jurisdiction over this matter, the Court **GRANTS** Plaintiff's Motion to Remand. [Dkt. No. 11]. The Clerk is **DIRECTED** to remand this action to Riverside County Superior Court.

**IT IS SO ORDERED.**